| | |
|---|---|
| 1 | **WO** RP |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Edward Faye Parks, et al., | ) | No. CV 10-8055-PCT-GMS (DKD) |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Mike McCluskey, et al., | ) | |
| Defendants. | ) | |

On March 17, 2010, Plaintiff Edward Faye Parks, who is confined in the Great Plains Correctional Facility in Hinton, Oklahoma, and Plaintiff Amelia French, who resides in Bullhead City, Arizona, filed a *pro se* Complaint in the United States District Court for the Southern District of New York. By Order filed March 17, 2010 (Doc. #3), that Court transferred the action to this Court.

Plaintiffs have not paid the $350.00 civil action filing fee. Plaintiff Edward Faye Parks has filed a "Request To Proceed *In Forma Pauperis*" (Doc. #7). Plaintiff Amelia French has not filed an Application to Proceed *In Forma Pauperis*. The Court will deny the "Request To Proceed *In Forma Pauperis*" and dismiss the Complaint and this action without prejudice.

**I.    Three Strikes Provision 28 U.S.C. § 1915(g)**

Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The constitutionality of this provision has been upheld by the Ninth Circuit Court of Appeals. <u>Andrews v. King</u>, 398 F.3d 1113, 1123 (9th Cir. 2005); <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1181 (9th Cir. 1999).

Plaintiff Edward Faye Parks has filed numerous lawsuits in this District and in other Districts while he has been a prisoner. At least three of his prior actions were dismissed for failure to state a claim. <u>See</u> <u>Parks v. Jensen</u>, CV-07-8107-PCT-FJM (DKD) (D. Ariz. Order of dismissal filed September 9, 2008); <u>Parks v. Holy</u>, CV-09-406-HE (W.D. Okla. Order of dismissal filed October 14, 2009); and <u>Parks v. Cornell Corrections of Oklahoma,</u> CV-09-450-HE (W.D. Okla. Order of dismissal filed September 1, 2009). Therefore, Plaintiff Edward Faye Parks may not bring any civil action without complete pre-payment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**II.    No Imminent Danger of Serious Physical Injury**

Plaintiff Edward Faye Parks does not allege in the Complaint that he is in imminent danger of serious physical injury, and the facts presented by Plaintiff would not support such an allegation. Accordingly, Plaintiff Edward Faye Parks is not entitled to proceed *in forma pauperis*, and his Complaint and this action must be dismissed without prejudice for failure to pre-pay the $350.00 filing fee. If Plaintiff Edward Faye Parks wishes to reassert these claims in the future, he must pre-pay the entire $350.00 filing fee when he files his new action.

In so doing, the Court notes that although this action has also been brought by Plaintiff Amelia French, she has neither paid the $350.00 filing fee, nor filed an Application to Proceed *In Forma Pauperis*. Accordingly, the dismissal of the Complaint and this action without prejudice will also apply to her.

**IT IS ORDERED**:

(1) The "Request To Proceed *In Forma Pauperis*" (Doc. #7) is **denied**.

(2) The Complaint (Doc. #2) and this action are **dismissed without prejudice**.

(3) The Clerk of Court **must enter judgment** accordingly and **close** this file.

DATED this 24th day of May, 2010.

G. Murray Snow
United States District Judge